**ARCADIA MACHINE & TOOL INC., Appellant,**

v.

**STURM, RUGER & COMPANY, INC., Appellee.**

**Appeal No. 85–2637.**

United States Court of Appeals, Federal Circuit.

March 17, 1986.

Charles E. Wills, Los Angeles, Cal., submitted for appellant.

Charles E. McKenny, Pennie & Edmonds, New York City, argued for appellee. With him on brief was David S. Maclay, Marsh, Day & Calhoun, Bridgeport, Conn., of counsel.

Before RICH, DAVIS and NEWMAN, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the Order of June 25, 1985, of the United States District Court for the Central District of California granting the summary judgment motion of Sturm, Ruger & Company, Inc. (Ruger), and holding that Ruger did not violate the false patent marking statute, 35 U.S.C. § 292. Arcadia Machine & Tool, Inc. (Arcadia) relied on only the second and third paragraphs of § 292. We affirm.

## Background

Ruger manufactures and sells firearms packaged in boxes having labels indicating that the contents of each box is covered by one or more patents or applications. Arcadia brought this action for the sole purpose, according to its complaint (there being another action between these parties for unfair competition), of having the court impose upon Ruger a fine of "no less than $500" for each offense of alleged false marking by Ruger, "with one half of the fine going to Arcadia and the other half to the use of the United States." *See generally* 8 Deller's Walker on Patents §§ 589–603 (2nd ed. 1973).

The alleged mismarkings involve three different labels listing patent numbers, used during three periods, identified as the 1973, 1978, and 1984 labels. The 1973 and 1978 labels read, in pertinent part: "This Ruger firearm is manufactured under one or more of the following U.S. Patents, or under one or more Patents Pending:" and list thirty or so patents. The 1984 label reads: "This box is used for all models of Ruger pistols and revolvers. The firearm in this box may be manufactured under one or more of the following patents...."

The district court determined that there was no issue of fact that Ruger had omitted applicable patents from or included expired patents on the labels on boxes used to ship thousands of firearms to customers from 1973 to the present but nevertheless concluded as a matter of law that § 292 had not been violated.

## OPINION

■ As a general proposition, there can be no violation of § 292 absent an evidentiary showing that the false marking or mismarking was "for the purpose of deceiving the public." Furthermore, the *omission* of "applicable patents" from a label listing patents purporting to cover the contents of a box of course cannot, in itself, be a violation of the *false* marking statute.

■ The district court properly held any action based on the 1973 label, used only until 1978, to be time barred by the applicable statute of limitations, 28 U.S.C. § 2462, which imposes a 5-year limit on any action for the enforcement of "any civil fine."

With respect to the 1978 label, as well as the other two, it was found, on the basis of affidavit evidence from the father and son management of Ruger and others, which wholly satisfies Fed.R.Civ.P. 56(e), that whatever errors appeared in the labels were inadvertent, the result of oversight, or caused by patent expirations. It was also found that all of the firearms shipped under the labels "were made under one or more Ruger U.S. patents or under a patent pending owned by Ruger," the latter category meaning, of course, made under or in accordance with a pending *application* for a patent. Patents are never pending.

■ The 1984 label, which was changed to read "may be manufactured under," was properly found by the district court not to be deceptive in any way.

■ Paramount is the court's finding and conclusion that Arcadia had totally failed, after at least nine months of discovery, to produce any evidence of intent to deceive the public. Nor had it produced "any evidence suggesting that evidence of intent could be produced at the time of trial." Under such circumstances, Arcadia having failed to establish the presence of a genuine issue of material fact, summary judgment is appropriate. *See Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 222 USPQ 741 (Fed.Cir.1984).

AFFIRMED.