862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INTRA CORPORATION and Eagle Technologies, Inc., Plaintiffs-Appellants,
v.
HAMAR LASER INSTRUMENTS, INC., Defendant-Cross-Appellant.
 Nos. 87-1424, 87-1470.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Both parties appeal from the judgment of the United States District Court for the Eastern District of Michigan, Intra Corp. v. Hamar Laser Instruments, Inc., 662 F.Supp. 1420, 4 USPQ2d 1337 (E.D.Mich.1987), in a declaratory judgment action brought by Intra Corporation and Eagle Technologies, Inc. (hereinafter, collectively "Intra"). Intra sought declarations of invalidity, unenforceability, and noninfringement of United States Patents Nos. 4,483,618 ('618) and 4,566,202 ('202), owned by Hamar Laser Instruments, Inc. Hamar counterclaimed for infringement of both patents.
 
 
 2
 The district court held that the '618 patent was not invalid or unenforceable, that Intra infringed the asserted claims, and that its infringement was willful, supporting an increased damage award. On appeal, Intra challenges only the court's findings of infringement and willfulness with respect to the '618 patent. Turning to the '202 patent, the court held that the claims were invalid as obvious under 35 U.S.C. Sec. 103 (1982) and that the patent was unenforceable because Hamar's conduct during prosecution was inequitable. Hamar challenges both holdings in its cross appeal.
 
 
 3
 Intra had also asserted claims for damages, alleging fraud by Hamar sufficient to support a charge of intent to monopolize under Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172 (1965), and violation of 35 U.S.C. Sec. 292 (1982) (False Marking) because Hamar prematurely indicated it had patent protection on its product. The court ruled against Intra on both claims and Intra appeals.
 
 
 4
 We affirm the judgment in all respects.
 
 OPINION
 I. The '618 Patent
 A. Infringement
 
 5
 The '618 patent relates to an apparatus and method for determining whether the axis of a laser beam is passing through a desired measurement point, useful to measure the position of an object. The district court found that Intra's accused device, called the Quadra Beam (QB) alignment system, contained each element or its equivalent of the asserted '618 claims. See Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 935, 4 USPQ2d 1737, 1739-40 (Fed.Cir.1987) (in banc), cert. denied, 108 S.Ct. 1226, 1474 (1988). We review the court's finding of infringement under the clearly erroneous standard of review. See, e.g., Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1000-01, 228 USPQ 562, 566 (Fed.Cir.), cert. denied, 477 U.S. 905 (1986). Under that standard, a finding is clearly erroneous when, although evidence exists to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Intra has failed to show that the district court's findings on the issue of infringement are clearly erroneous.
 
 
 6
 Intra repeatedly argues that the court "clearly erred" because it "disregarded" certain evidence--including the specification language; the Examiner's conditions for allowance of the '618 claims; the testimony of Moran, Miller, Heinrich, Brown, and Duey; and the exhibit of a Cubic Precision See-Thru Target. There is no indication in the record, however, that the court did not consider that evidence. In any event, Intra cannot establish that the district court's findings are clearly erroneous merely by pointing to evidence which might support a contrary finding. See, e.g., Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) ("This [clearly erroneous] standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently."). In effect, Intra would have us reweigh the evidence and decide the factual disputes de novo, which is not the function of an appellate court. See, e.g., Polaroid Corp. v. Eastman Kodak Co., 789 F.2d 1556, 1558, 229 USPQ 561, 562 (Fed.Cir.), cert. denied, 479 U.S. 850 (1986); Fromson v. Advance Offset Press, Inc., 755 F.2d 1549, 1555, 225 USPQ 26, 30 (Fed.Cir.1985); Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1513, 220 USPQ 929, 936 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984).
 
 
 7
 Intra's argument is most notably deficient in its failure to mention the specific claim language. See W.L. Gore & Assocs., Inc. v. Garlock, Inc., 721 F.2d 1540, 1557, 220 USPQ 303, 316 (Fed.Cir.1983), cert. denied, 469 U.S. 851 (1984). It appears that Intra asserts its device has no "mirror means for reflecting a laser beam toward said detector means" as required by claim 1. Although Intra's QB system has a mirror, Intra asserts its mirror is present only for "packaging" purposes. The district court did not consider Intra's evidence persuasive and we are unpersuaded that the district court's finding, that the QB system has a mirror to reflect the laser toward the detector, is clearly erroneous.
 
 
 8
 Similarly, we are unpersuaded that the court clearly erred in finding a measurement point in the QB system equivalent to the "probe element" required by claim 1 or in finding the claimed equidistant relationship (distance from probe to mirror equal to distance from mirror to detector) present in the QB system.
 
 
 9
 The judgment of the court that Intra infringed the asserted '618 patent claims is affirmed.
 
 B. Willfulness
 
 10
 Intra also argues clear error in the district court's finding that Intra's infringement was willful, which, as a finding of fact, we review under the clearly erroneous standard. See, e.g., CPG Prods. Corp. v. Pegasus Luggage, Inc., 776 F.2d 1007, 1015, 227 USPQ 497, 502 (Fed.Cir.1985). Again, we are not left with the firm conviction that a mistake has been committed. The court found that Intra's infringement was willful because it sold "four infringing alignment systems after receiving notice of the Hamar patents and having failed to obtain a carefully considered legal opinion." 662 F.Supp. at 1439, 4 USPQ2d at 1351. These sales occurred during May, June, and July of 1986.
 
 
 11
 Intra contends that it had obtained oral advice of patent counsel after receiving Hamar's letter of April 24, 1986, which provided notice of Hamar's patent rights, and before selling its infringing systems. As support for its contention, Intra points to the testimony of its President summarizing a meeting held with patent counsel the day after receiving Hamar's letter. Giving the most favorable view to his statement, "We felt we had not done anything wrong....", we are not left with the definite and firm conviction that the court's finding that Intra failed to obtain a "carefully considered legal opinion" is clearly erroneous.
 
 
 12
 Intra also offers the testimony of its laser consultant, who stated he "didn't see how [the '618 patent] applied." Nothing in that statement unequivocally establishes such an "honest doubt" of validity and infringement that we must hold the court clearly erred in finding willfulness. See, e.g., Rosemount, Inc. v. Beckman Instruments, Inc., 727 F.2d 1540, 1548, 221 USPQ 1, 8 (Fed.Cir.1984) (generally worded memoranda from engineers and executives do not establish an honest doubt as to validity and infringement).
 
 
 13
 Finally, Intra argues that the court should have given "weight" to a search its patent attorney conducted in the Patent Office for a laser alignment system in January 1985. First, the record does not indicate that the court failed to consider the search; in fact, it specifically noted the search as a finding of fact. 662 F.Supp. at 1426, 4 USPQ2d at 1341. Moreover, that search was conducted before Hamar's patents issued.
 
 
 14
 Considering all of the above factors, we are unpersuaded that the court's finding of willful infringement of the '618 patent is clearly erroneous.
 
 II. Fraud Claim
 
 15
 Intra also attacks the district court's judgment asserting clear error in the facts found underlying the court's conclusion that "Hamar and his attorney's conduct during the procurement of the '202 patent rose only to the level of gross negligence. There has been no showing of fraud." 662 F.Supp. at 1443, 4 USPQ2d at 1354. (In view of the court's statement, Intra's charge, that "[t]he Opinion and Order of the Trial Court in the instant case did not address the issue of whether the acts of Martin R. Hamar and his attorney rose to the level of fraud," is unfounded.) Intra repeats the arguments raised in the context of its infringement appeal, namely, that the court "clearly erred" by "ignoring" testimony which supports it position and that, if the court had found the facts in the manner Intra outlines, a holding of fraud would have been "compelled." We are wholly unpersuaded that the evidence is so strongly in Intra's favor that the court's finding, that Hamar's conduct did not constitute fraud, is clearly erroneous.
 
 III. False Marking
 
 16
 It is uncontested that Hamar sold laser alignment systems mislabeled with the marking "U.S. and Foreign Patents and Patents Pending." Intra seeks to enforce the civil penalty under 35 U.S.C. Sec. 292 (1982) for Hamar's acts of marking its products with the false indication that they were patented or that a patent application had been filed. Pursuant to advice of counsel, Hamar marked its products shortly before its patent applications were filed. The district court found that "[t]here was no evidence that the false marking was done for the purpose of deceiving the public." 662 F.Supp. at 1437, 4 USPQ2d at 1350. Consequently, the court concluded there was no violation of section 292. See Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co., 786 F.2d 1124, 1125, 229 USPQ 124, 125 (Fed.Cir.1986) ("no violation of Sec. 292 absent an evidentiary showing that the false marking or mismarking was 'for the purpose of deceiving the public' ").
 
 
 17
 There is no direct evidence of Hamar's intent to deceive the public. Nevertheless, Intra asks that intent be inferred from the pertinent circumstantial evidence. Although Hamar's labelling is technically incorrect, the entirety of the circumstances in this case did not convince the district court to find an intent to deceive and we are unpersuaded that finding is clearly erroneous.
 
 IV. Obviousness of the '202 Patent
 
 18
 The invention claimed in the '202 patent is a laser apparatus for projecting the axis of rotation of a rotating tool holder onto a work piece. From the projection, accurate realignment of the rotating tool is possible. The patent claims a laser capable of mounting in a rotating tool holder, such as a chuck, and a photocell target capable of mounting on the work piece. The tool is operated with the laser and target in place, thus producing an electronic readout defining the projection of the tool's axis of rotation.
 
 
 19
 Hamar argues that the court erred, as a matter of law, in two respects when applying the standard of section 103 to the factual underpinnings of its obviousness analysis. First, Hamar contends that the district court misapplied section 103 when it stated that "the claimed invention of the '202 patent as a whole would have been obvious, at the time the invention was made, to a person of ordinary skill in the art." 662 F.Supp. at 1441, 4 USPQ2d at 1353 (emphasis added). Per Hamar, the court erred by applying the "as a whole" mandate to the claimed invention rather than to the prior art. Section 103 provides, however, in pertinent part:
 
 
 20
 A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.
 
 
 21
 35 U.S.C. Sec. 103 (emphasis added). Moreover, this court has noted that the "as a whole" mandate applies to both evaluation of the claimed invention and to the prior art references. See Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1143, 227 USPQ 543, 551 (Fed.Cir.1985). Accordingly, the court was correct in viewing the subject matter of the claimed invention as a whole.
 
 
 22
 Secondly, Hamar contends that the district court made a logically unsupported leap from the prior art to reach a conclusion of obviousness. Thus, per Hamar, the court committed the classic error of relying upon hindsight in assessing the differences between the prior art and the claimed invention. Hamar specifically asserts that the prior art does not suggest placing a laser in a rotating machine tool in combination with a photocell target for alignment purposes. Moreover, Hamar contends, as a matter of fact, that the prior art references do not disclose placement of a laser in a rotating machine component.
 
 
 23
 The prior art Moller (United States Patent No. 2,146,906) and Raiha (United States Patent No. 4,438,567) patents disclose the use of light-projecting devices, such as an incandescent lamp, mounted in rotating tool holders in combination with targets for alignment purposes. Hamar successfully distinguished its invention over that art, and obtained allowance of the '202 patent, by claiming a laser as the light source in the rotating machine tool in combination with a photocell-type target for alignment purposes. A photocell-type target produces electrical output signals identifying where on the target the laser beam impinges, thus improving over devices having other targets (which relied on visual observation of a rotating projection) by allowing greater accuracy.
 
 
 24
 Certain relevant prior art was not before the Examiner when he allowed the '202 patent claims. Most significant is Ono's published Japanese Application No. 55-87,113, which discloses a laser mounted in a rotating machine component in combination with a photocell target. United States Patent No. 3,718,398 (Becraft) also discloses a rotating laser in an alignment system, and manuals printed by Grumman Corporation reveal the rotation of a laser mounted in a rotating machine tool to project an axis of rotation onto photocell targets. Accordingly, Hamar's contention that the prior art does not disclose placement of a laser in a rotating machine component is unfounded and is rejected. We turn, then, to Hamar's assertion that the prior art does not suggest placing a laser in a rotating machine tool in combination with a photocell target for alignment purposes.
 
 
 25
 In reviewing the district court's conclusion that the '202 patent claims would have been obvious to a person of ordinary skill in the art at the time the invention was made, we must compare the claims as a whole to the prior art, also considered as a whole. See Interconnect, 774 F.2d at 1143, 227 USPQ at 551. This is essential for combination inventions, because generally most combinations are of known elements. See Environmental Designs, Ltd. v. Union Oil Co., 713 F.2d 693, 698, 218 USPQ 865, 870 (Fed.Cir.1983), cert. denied, 464 U.S. 1043 (1984). Moreover, it is improper to pick and choose the claimed elements from among the various prior art references using the patent as a blueprint. See In re Kamm, 452 F.2d 1052, 1056-57, 172 USPQ 298, 301-02 (CCPA 1972).
 
 
 26
 In determining obviousness, therefore, the inquiry is not only whether each claimed element existed in the prior art, but whether the prior art would have suggested or provided incentive for the combination of claimed elements to one of ordinary skill in the art at the time the invention was made. As we have stated:
 
 
 27
 There must be 'something in the prior art as a whole to suggest the desireability, and thus the obviousness, of making the combination.'
 
 
 28
 Interconnect, 774 F.2d at 1143, 227 USPQ at 551 (citation omitted).
 
 
 29
 Here, the district court did not merely select elements from the numerous prior art references to create the claimed invention by hindsight. Rather, the prior art suggests that the components be combined as they were by Hamar in the '202 patent. For example, Hamar's publications (which the examiner also did not have) disclose a wide variety of applications and uses for laser alignment systems combining a laser and photocell target, including "almost every segment" of the machine tool industry. See, e.g., Hamar, Laser Alignment in Industry, American Soc'y of Tool & Mfg. Eng'rs, Technical Paper MR68-408 (1968). The suggestion to modify the art to produce the claimed invention need not be expressly stated in one reference to show obviousness. Instead, the suggestion may arise from what the references collectively suggest to the hypothetical person of ordinary skill in the art. See Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886 (Fed.Cir.1985). Given the prior art use of light sources in rotating tools and the rotational mounting of lasers in machine tools shown in other references, we conclude, as did the district court, that these references would suggest or motivate one of ordinary skill in the art to substitute a laser and a photocell target to obtain the advantage of greater accuracy in tool alignment systems.
 
 
 30
 In reaching that conclusion, we have taken into account, as did the district court, Hamar's evidence of secondary considerations. Particularly important is Hamar's evidence of substantial commercial success. The fact that Hamar's laser alignment system was a successful improvement, however, does not make it patentable when weighed with the strong evidence of obviousness, including the references not considered by the Examiner. See EWP Corp. v. Reliance Universal Inc., 755 F.2d 898, 907, 225 USPQ 20, 25 (Fed.Cir.), cert. denied, 474 U.S. 843 (1985).
 
 
 31
 In conclusion, the district court articulated a full and careful analysis and we are not persuaded that reversible legal error has occurred in the determination that the invention of the '202 patent would have been obvious; nor are we convinced that the court's findings underlying that determination are clearly erroneous. For the foregoing reasons, we affirm the judgment that the '202 patent is invalid.
 
 
 32
 Because we affirm the court's holding that the '202 patent would have been obvious under the standard of 35 U.S.C. Sec. 103 and attorney fees are not at issue, we need not address the court's holding of inequitable conduct in the procurement of the '202 patent.