**GENLYTE THOMAS GROUP LLC Plaintiff**

v.

**NATIONAL SERVICE INDUSTRIES, INC., et al. Defendants**

**No. CIV.A.3:00CV–174–S.**

United States District Court, W.D. Kentucky, at Louisville.

Feb. 14, 2003.

James R. Higgins, Jr., Jeffrey A. Haeberlin, Middleton & Reutlinger, Louisville, KY, Thomas Patrick O'Brien, III, Frost Brown Todd, LLC, Louisville, KY, Gerald C. Willis, Cassidy, Shade & Gloor, Chicago, IL, George P. McAndrews, James R. Nuttall, Matthew G. McAndrews, Gerald C. Willis, Jr., McAndrews, Held & Malloy, Chicago, IL, for Genlyte Thomas Group, LLC.

Mary Janice Lintner, Donald L. Cox., Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, Peter B. Bensinger, Unknown, for NSI Enterprises, Inc.

Mary Janice Lintner, Donald L. Cox, Clare Feler Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for Acuity Brands, Inc.

### MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on motion of the plaintiff, Genlyte Thomas Group LLC, to dismiss and/or strike defendants' counterclaims for false marking or mismarking, in violation of 35 U.S.C. § 292, and for a false and misleading description in violation of 15 U.S.C. § 1125(a). (DN 89).

While styled a motion to dismiss, the motion references matters outside the pleadings and asserts that the defendants have not plead nor can they prove that the plaintiff intended to deceive or mislead the public in its labeling of its fixtures. The defendants, National Service Industries, Inc., et al. (collectively herein, "NSI"), have filed a response in which they also refer to matters outside the pleadings. NSI contends that in June of 2002 they discovered the allegedly problematic labels on the plaintiff's fixtures, which gave rise to their filing of the amended counterclaims. They contend that they have not had adequate time to discover and present material facts. However, they have not filed a Fed.R.Civ.P. 56(f) affidavit.[1] While they contend that they are dissatisfied with answers to certain interrogatories posed to the plaintiffs, they have not sought to compel further discovery on this point, even in the face of the plaintiff's motion to dismiss. NSI has responded to the motion, and has also referred to matters outside the pleadings.

The motion will be treated as one for summary judgment in accordance with Fed.R.Civ.P. 12(c) and 56. A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir.1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could

---

1. In the Declaration of Donald L. Cox, counsel for the defendants, he states that "[i]n July of 2002 within the discovery period, I sent out discovery relating to the marking of the devices in question. (Lithonia's Response, Exhibits C and D). Defendants refused to answer this discovery and refused to provide me with any information what so ever [sic]." Rule 56(f) is not mentioned, and the specific showing required to obtain additional time for discovery under Fed.R.Civ.P. 56(f) has not been made.

return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425 (6th Cir.1962).

The amended counterclaim raising the false marking and false or misleading description claims states that

> Plaintiff fraudulently marked their recessed lighting fixtures indicating or creating the impression that the fixtures in question were manufactured under United States patents which were inapplicable to the devices in question or not owned by Plaintiff.

and

> ...Plaintiff engaged in false marking when it affixed to its recessed lighting fixture the word "patent" together with inapplicable patent numbers for the purposes of deceiving the public as to whether the device in question was patented under the specific patent numbers.
> ...The actions of the Plaintiff also constituted a false or misleading description likely to cause confusion in commercial advertising...

Amended Counterclaim, Count II, ¶¶ 9, 10, and 11.

In their response to the motion, NSI has shown that, among the patents listed on its label, the plaintiff included a patent for "an assembly to demonstrate and teach the game of bridge" (the " '282 patent") and a patent relating to lighting fixtures but which was not owned by the plaintiff (the

" '262 patent"). They contend that the inclusion of these patent numbers constituted false marking or mismarking in violation of 35 U.S.C. § 292, and false or misleading description in commercial advertising in violation of 15 U.S.C. § 1125(a).

The Federal Circuit has held that "[a]s a general proposition, there can be no violation of [35 U.S.C.] § 292 absent an evidentiary showing that the false marking or mismarking was 'for the purpose of deceiving the public.'" *Arcadia Machine & Tool, Inc. v. Sturm, Ruger & Co., Inc.,* 786 F.2d 1124, 1125 (Fed.Cir.1986)(quoting 35 U.S.C. § 292).

Genlyte has submitted the affidavit of Richard Taylor, the director of engineering for Capri Omega, a division of the Genlyte Thomas Group concerning the inclusion of the '262 and '282 patents on the patent coverage label affixed to their QuickLight product. He states that the reference to U.S. Patent No. 4,855,282 (patent concerning the game of bridge) was an inadvertent typographical error. The reference intended for inclusion was U.S.Patent No. 4,855,292 which relates to lighting fixtures. The affidavit of Raymond J. Kusmer, inventor of the device taught by the '262 patent, indicates that Kusmer mistakenly directed that the '262 patent be included on the patent coverage label for the QuickLight. He states that he did not intend to deceive the public nor claim that the QuickLight was covered by the '262 patent. The '262 patent is assigned to his former employer, McGraw Edison.

NSI has not come forward with any evidence to call these averments into question. Further, the patent coverage label stated that the QuickLight "may be covered by one or more of the following U.S. Patents:" and included in the list the '979 patent, the patent at issue in this case. Genlyte contends that the QuickLight is

the commercial embodiment of the '979 patent. NSI does not contradict this assertion. As noted in the case of *Moore North America, Inc. v. Poser Business Forms, Inc.*, 2000 WL 1480992 (D.Del.), n. 2, "[c]ourts have consistently construed 35 U.S.C. § 292 as not being violated by a patentee who marks patented articles with more patents than actually cover the item. [citations omitted]." See also, 7 Chisum on Patents § 20.03[7][c][iii] ("The courts have approved the common practice of listing multiple patent numbers with the statement that the article is covered by 'one or more' of the patents.").

NSI has failed to "go beyond the pleadings...and designate specific facts showing that there is a genuine issue for trial as to [Genlyte's] intent to deceive...[citations omitted]....[A] bald assertion that 'intent to deceive' is subject to genuine issues of material fact is insufficient to comply with the requirements of Rule 56." *Dethmers Mfg. Co. v. Automatic Equipment Mfg.*, 70 F.Supp.2d 944 (N.D.Iowa 1999). Summary judgment will be granted in favor of Genlyte on the counterclaim concerning false marking or mismarking of its product.

■ NSI contends that the errors on Genlyte's patent coverage label constitute "a false or misleading description likely to cause confusion in commercial advertising in violation of Section 43(a) of the Lanham Act[, 15 U.S.C. § 1125(a)]." Amended

Counterclaim, ¶ 11. Nothing more has been alleged beyond this statement. We conclude, for the reasons set out below, that we need not engage in a summary judgment analysis, but rather that the claim must be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

On motion to dismiss, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ The Federal Circuit has held[2] that the following elements must be pled and ultimately proven in order to succeed on a false advertising claim:

(1) that [Genlyte] made a false or misleading statement of fact in commercial advertising or promotion about [NSI']s goods or services;

(2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience;

(3) that the deception is material in that it is likely to influence purchasing decisions;

(4) that [Genlyte] caused the statement to enter interstate commerce;...

(5) that the statement results in actual or probable injury to the plaintiff...[and]

---

2. In its motion to dismiss, Genlyte had relied upon 6th Circuit precedent for its assertion that NSI has failed to state a claim upon which relief can be granted. This court concludes, in accordance with the rationale in *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed.Cir.1999), that we must look to the law of the Federal Circuit in this matter. The false advertising claim and false marking claim arise under identical facts, but implicate federal statutes targeting unfair competition, usually addressed in accordance with the law of the regional circuit, along side statutes addressing patent protections, falling under the exclusive jurisdiction of the Federal Circuit on review. In order to harmonize the purposes and interests of the Lanham Act and patent law, *Zenith* counsels that such § 1125(a) claims be considered according to standards established by the Federal Circuit Court of Appeals See, *Zenith*, 182 F.3d at 1346. In any event, were we to consider the matter outside of the patent law context, and so, apply the law of the Sixth Circuit on Lanham Act claims, we would still conclude that NSI has failed to state a claim under Rule 12(b)(6). This secondary analysis is contained *infra*.

[ (6) that] the marketplace activity must have been undertaken in bad faith. *Zenith,* 182 F.3d at 1348 and 1353.

The claim of NSI under § 1125(a) satisfies none of these elements. First, NSI does not allege that Genlyte made any false or misleading statements of fact concerning NSI's goods or services. What is alleged is that Genlyte made a false statement concerning *its own* goods through its patent coverage label. Assuming, *arguendo,* that the statutorily-required patent coverage label constitutes "a commercial advertising or promotion," a point not argued, nor in the opinion of this court, a point at all self-evident, *and* assuming, again *arguendo,* that the statement by Genlyte about it's own product is actionable under the statute, NSI has failed to allege any of the remaining elements, even under a liberal notice pleading standard.

Paragraph 11 of the Amended Counterclaim parrots a portion of the statutory language without making any affirmative allegation that the patent coverage label deceived or was likely to deceive a particular audience, influenced purchasing decisions, was transmitted in interstate commerce, resulted in any actual or probable injury to the to NSI, or that Genlyte's actions were done in bad faith. Inasmuch as the label in question states that "[the] product may be covered by one or more of the following patents..." the inferences which NSI suggests that we draw from the affixing of the label to Genlyte's product are not reasonable. NSI has failed to state a claim upon which relief can be granted under the Lanham Act. That claim must therefore be dismissed.

Under the law of the Sixth Circuit in regard to Lanham Act claims falling outside of the patent law arena, the elements which must be pled and proved to establish a § 1125(a) violation do not include bad faith, and require a showing of actual deception. *See, American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.,* 185 F.3d 606, 614 (6th Cir.1999). Under this standard we would reach the same conclusion as we reached under Federal Circuit precedent. NSI has failed to state a claim upon which relief can be granted for violation of § 1125(a) of the Lanham Act.

For the reasons set forth herein, the Count II of the Amended Counterclaim of NSI will be dismissed. A separate order will be entered this date in accordance with this opinion.

### ORDER

Motion having been made and for the reasons set forth in the memorandum opinion entered herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Genlyte Thomas Group LLC, to dismiss Count II of the Amended Counterclaim against it is **GRANTED**, and Count II of the Amended Counterclaim is **DISMISSED WITH PREJUDICE**.