Christopher W. BIBOW, Plaintiff

v.

AMERICAN SAW AND MAN-
UFACTURING CO., et al,
Defendants.

C.A. No. 06–30136–MAP.

United States District Court,
D. Massachusetts.

June 11, 2007.

Edward P. Dutkiewicz, Law Office of Edward P. Dutkiewicz, Dunedin, FL, Peter D. Prevett, Prevett & Prevett, Andover, MA, for Plaintiff.

John A. Burlingame, Nathan D. Stump, Squire, Sanders & Dempsey LLP, Washington, DC, Thomas J. Finn, McCarter & English, LLP, Andrew D. Moore, McCarter & English, LLP, Hartford, CT, for Defendants.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, Lucy R. Harwell, U.S. Attorney's Office, Tampa, FL, for Interested Party United States of America.

### MEMORANDUM AND ORDER RE-GARDING DEFENDANTS' MO-TION FOR SUMMARY JUDGMENT (Dkt. No. 38)

PONSOR, District Judge.

This action for false marking in violation of 35 U.S.C. § 292 charges that Defendants falsely claimed that their product was patented when, in fact, the patent application for the product was only pending. Defendants have moved for summary judgment on the ground that the undisputed facts of record will not support a finding that they violated Section 292 by making misrepresentations "for the purpose of deceiving the public" as the statute requires.

Counsel for Defendants appeared before this court on June 8, 2007 for argument on

the motion; counsel for Plaintiff appeared to oppose the motion via telephone, with the court's permission. Following argument, the court indicated it would allow Defendants' motion and described its reasons in detail orally.

The purpose of this memorandum is to set forth, in distilled form, the rationale for the court's decision.

Section 292 states that whoever "uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, *for the purpose of deceiving the public* ... [s]hall be fined no more than $500 for every such offense." 35 U.S.C. § 292 (emphasis added). The statute further states that private parties may sue for the penalty, in which case one half goes to the person suing and the other half to the use of the United States.[1]

■ As the statute indicates, deceptive intent, and not mere innocent oversight, is a critical element of any claim under § 292. *See Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co., Inc.*, 786 F.2d 1124, 1125 (Fed.Cir.1986).

■ Defendants have submitted affidavits describing the creation of the press release and its issuance with the claim that patents had been obtained relating to Defendants' air acetylene and air propane torches and accessories. In fact, according to these undisputed statements, Defendants' employees informed Defendants' advertising agency that applications for patents had been applied for relating to these products, not that the products had already been patented. However, when the press release included an erroneous statement that patents had been obtained, the reference slipped past review. All the

employees have indicated that the incorrect information resulted from an oversight and that there was never any intent to mislead anyone.

Plaintiff has offered nothing beyond conjecture to rebut Defendants' affidavits. Indeed, Plaintiff has filed no statement pursuant to Local Rule 56.1 contesting any of Defendants' proposed facts of record. Moreover, while Plaintiff has expressed unhappiness with the provision of discovery by Defendants, he has filed no motion to compel. Finally, Plaintiff has failed to file any affidavit pursuant to Fed.R.Civ.P. 56(f), indicating discovery that Plaintiff seeks to obtain that might generate disputed issues of fact.

■ Plaintiff's opposition to the Motion for Summary Judgment amounts to mere speculation that a jury might perhaps conclude that Defendants' employees are being disingenuous in stating that the error in the press release was inadvertent. This type of conjecture is insufficient to justify denial of a well-supported motion for summary judgment. A bald assertion of intent to deceive falls far short of sufficient evidence to survive summary judgment in a case brought under § 292. *See Genlyte Thomas Group LLC v. Nat'l Serv. Indus., Inc.*, 262 F.Supp.2d 753, 756 (W.D.Ky. 2003) (citation omitted).

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 38) is hereby ALLOWED. The Clerk is ordered to enter judgment for Defendants; the case may now be closed.

It is So Ordered.

---

1.  Plaintiff's claim for $200 million in damages seems to be anchored on his calculation of the number of times Defendants' erroneous press release, or reports including the press release, might have been seen in some medium, such as an internet website. It is doubtful that the statute ever intended to create such a lucrative game of "gotcha!"